UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON SHAVER,

       Petitioner,

                                  Case No. 2:15-cv-1

v.

                                  HON. ROBERT HOLMES BELL

JEFFREY WOODS,

       Respondent.

_____/

**OPINION**

This is a habeas corpus petition brought by a state prisoner under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy Greeley, who issued a Report and Recommendation ("R&R") on August 8, 2016, recommending that this Court deny the petition. (ECF No. 8.) The matter is before the Court on Petitioner's objections to the R&R. (ECF No. 11.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner filed two objections. First, he objects to the Magistrate Judge's conclusion that the Michigan Court of Appeals' decision that the trial court properly applied the Michigan rape-shield statute was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Second, he objects to the Magistrate Judge's conclusion that the Michigan Court of Appeals' decision that counsel was not ineffective for failing to investigate and present evidence of Petitioner's impotence and color of pubic hair was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

## I.

When a petitioner's claim has been adjudicated on the merits in state court, § 2254(d) provides that a habeas petition shall not be granted unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state-court proceeding.

28 U.S.C. § 2554(d)(1)-(2). Under the contrary-to clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). To justify habeas relief, a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, at the time of the

2

relevant state-court decision. *Id.* at 412. Moreover, a federal court may not find a state adjudication unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Rather, the application must also be "unreasonable." *Id.* Under the unreasonable-applicable clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

This Court defers to state-court decisions when the state court addressed the merits of Petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The state court's factual findings are presumed to be correct but may be rebutted by Petitioner with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II.

A. Michigan's Rape Shield Act

Evidence of specific instances of a victim's past sexual conduct with others is generally legally irrelevant and inadmissible under Mich. Comp. Laws 750.520j. *Wimbley v. Sherry*, No. 2:06-CV-265, 2009 WL 3644808, at *3 (W.D. Mich. Oct. 30, 2009) (Bell, J.) (citing *People v. Arenda*, 330 N.W.2d 814 (1982)). Inquiries into sexual history, even when minimally relevant, carry a danger of unfairly prejudicing and misleading the jury. *Id.* Michigan's rape-shield statute provides:

> Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to

> the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value: (a) evidence of victim's past sexual conduct with the actor; (b) evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

Mich. Comp. Laws 750.520j(1). Nonetheless, "in certain limited situations, evidence that does not come within the specific exceptions of the rape-shield statute may be relevant and its admission required to preserve a criminal defendant's Sixth Amendment right of confrontation." *Wimbley*, 2009 WL 3644808 at *3 (citing *People v. Hackett*, 365 N.W.2d 123 (Mich. 1984)). The court applies the rape-shield statute on a case-by-case basis to balance the rights of the victim and the defendant in each case. *Id.* (citing *People v. Morse*, 586 N.W.2d 555 (Mich. Ct. App. 1998)). "'In exercising its discretion, the trial court should be mindful of the significant legislative purposes underlying the rape-shield statute and should always favor exclusion of evidence of a complainant's sexual conduct where its exclusion would not unconstitutionally abridge the defendant's right to confrontation.'" *Id.* (quoting *People v. Adair*, 550 N.W.2d 505, 512 (Mich. 1996)).

A state-court evidentiary ruling does not rise to the level of a due process violation unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000). Further, a defendant's right to confrontation "'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)). The Supreme Court has opined that the rights of victims to rape are important enough to justify

some limitations on a defendant's right to confront witnesses. *See id.* at 149-50 ("The Michigan [rape-shield] statute represents a valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy.").

Petitioner sought to introduce evidence of the father's sexual abuse of one of the victims, B.R., as an explanation for the children's age-inappropriate sexual knowledge. (ECF No. 7-12, PageID.473.) The Michigan Court of Appeals conducted a de novo review to determine whether Petitioner was denied his constitutional right to confront witnesses. (*Id.*) The court held that the trial court properly ruled that evidence of B.R's prior sexual assault by her father was inadmissible under the rape-shield act. (*Id.* at PageID.470.)

To warrant relief, Petitioner needed to establish that the sexual conduct of which he was accused was significantly similar to the facts underlying the father's conviction. (*Id.* at PageID.471.) (citing *People v. Morse*, 586 N.W. 2d 555 (1998)). If the father engaged only in relatively dissimilar sexual conduct, the evidence would be inadmissible and irrelevant because its prejudicial impact would grossly exceed its probative value. (*Id.*) The Michigan Court of Appeals determined that the father's prior sexual abuse was not highly similar to Petitioner's case, and therefore, the evidence was not relevant. (*Id.* at PageID.472.)

Petitioner argues that he has rebutted the trial court's factual findings of dissimilarity with clear and convincing evidence. Petitioner attached a report by Sergeant Good, who observed B.R.'s forensic interview discussing her father's abuse, and explained that she had disclosed oral, vaginal, and anal penetration. (ECF No. 1-2, PageID.142.) During

Petitioner's trial, both children testified to multiple acts of anal, vaginal, and oral penetration. (ECF No. 7-3, PageID.339, PageID.348-49.)  The Michigan Court of Appeals noted that Petitioner was charged with genital and anal penetration with B.R., and anal and oral penetration with J.R., but the children's father was convicted of oral penetration of B.R. (ECF No. 7-12; PageID.473.)

On remand, the trial court conducted a *Ginther* hearing to determine whether the father's conviction was significantly similar to Petitioner's conviction. (ECF No. 7-8.) During the evidentiary hearing, there was no evidence that the father engaged in sexual conduct with J.R. (*Id.*) Petitioner's counsel argued that the court should look not only at the conviction, but to the underlying facts of the father's other charges. (*Id.* at PageID.387.) Although the victims' father pleaded no contest to one count of oral penetration, Petitioner's counsel argued that there were several charges of criminal sexual assault, which included anal, vaginal, and oral penetration. (*Id.*)  The prosecutor, relying on *Morse*, 586 N.W.2d 555, and *People v. Parks*, 766 N.W.2d 650 (Mich. 2009), explained that the court must determine whether: (1) defendant's proffered evidence is relevant, (2) defendant can show that another person was convicted of criminal sexual conduct involving the complainants, and (3) the facts underlying the previous conviction are significantly similar to be relevant to the instant proceeding. (*Id.* at PageID.388-89.)  After listening to this evidence, the trial court held that the father's conviction was not highly similar to Petitioner's offenses. (ECF No. 7-12, PageID.471.)  And the Michigan Court of Appeals agreed, explaining that "[t]he victims' father's oral penetration of B.R. is not highly similar to defendant's penetration of

B.R. and J.R." (*Id.*) The court found that it was "'relatively dissimilar sexual conduct,' which is inadmissible as irrelevant." (*Id.*) It is clear that both the trial court and the court of appeals considered the father's conviction, as well as the underlying facts of his abuse, when determining whether the prior abuse was similar to Petitioner's abuse. Therefore, Petitioner has not rebutted this factual finding with clear and convincing evidence, and the courts' finding that the father's conviction is dissimilar to Petitioner's offenses is presumed correct.

The Michigan Court of Appeals relied on state-court decisions to reach its conclusion that Petitioner's Sixth Amendment confrontation rights were not violated by the exclusion of this evidence. There are circumstances in which a line of state precedent is viewed as fully incorporating a related federal constitutional right. *Johnson v. Williams*, 133 S. Ct. 1088, 1094-95 (2013) (citing *State v. Engelhardt*, 119 P.3d 1148, 1158 (Kan. 2005) (observing that a Kansas statute is "analytically and functionally identical to the requirements under the Confrontation Clause and Due Process Clause of the federal Constitution"). In such cases, a state appellate court may regard its discussion of the state precedent as sufficient to cover a claim based on the related federal right.

The Michigan Court of Appeals conducted a de novo review of the constitutional question of whether Petitioner was denied the right to confront witnesses against him. (ECF No. 7-12, PageID.470) (citing *People v. Breeding*, 772 N.W.2d 810 (Mich. Ct. App. 2009)). Although the court cited state-law decisions to support its conclusion, state precedent included the federal claim. The court relied upon *People v. Hackett*, 365 N.W.2d 120 (Mich.

7

1984), which explains that "evidence that is not admissible under one of the statutory exceptions set forth in the rape-shield act may nevertheless be relevant and admissible to preserve a criminal defendant's Sixth Amendment right of confrontation." (*Id.* at PageID.471.) The Michigan Court of Appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Further, the decision was not based upon an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. Therefore, Petitioner is not entitled to relief on this claim.

Petitioner also argues that the court's exclusion of the father's prior abuse violated his constitutional rights to present a defense and compel witnesses. He presented these claims to the Michigan Court of Appeals, but the court did not specifically address either claim in its opinion. (ECF No. 7-12.) When a federal claim has been presented to a state court, and the state court opinion addresses some but not all of the defendant's claims, a rebuttable presumption arises on federal habeas review that the state court adjudicated the federal claim on the merits. *Johnson*, 133 S. Ct. at 1094 (explaining that the presumption of a state court's adjudication on the merits in *Harrington v. Richter*, 562 U.S. 86, 99 (2011), applies when a state-court opinion addresses some but not all of a defendant's claims); *see also* U.S.C. § 2254(d).

Petitioner has not rebutted the presumption. But even assuming that he did, Petitioner is still not entitled to relief. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers*,

8

410 U.S. at 294. This includes the "rights to confront and cross-examine witnesses and to call witnesses in one's own behalf[.]" *Id.* "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Id.* at 302 (citing *Webb v. Texas*, 409 U.S. 95 (1972), *Washington v. Texas*, 388 U.S. 14, 19 (1967), and *In re Oliver*, 333 U.S. 257 (1948)). Yet courts are permitted to restrict a defendant's right to present evidence, as long as the restrictions are not arbitrary or disproportionate to the purposes that they are intended to serve. *Rock v. Arkansas*, 483 U.S. 44, 56 (1987). "[W]hen a state rule of evidence conflicts with the right to present witnesses, the rule may 'not be applied mechanistically to defeat the ends of justice,' but must meet fundamental standards of due process." *Id.* at 55 (quoting *Chambers*, 410 U.S. at 302).

In *Chambers*, the Supreme Court assessed the validity of Mississippi's "voucher" rule, which prevented a party from impeaching his own witness. *Chambers*, 410 U.S. at 295. The Court examined the rationale behind the rule and found that it beared "little present relationship to the realities of the criminal process." *Id.* at 296. In this case, the Michigan Court of Appeals explained that the rape-shield statute sought to exclude evidence when its prejudicial impact grossly exceeded its probative value. (ECF No. 7-12, PageID.471.) The court held that "'relatively dissimilar sexual conduct' is inadmissible as irrelevant." (*Id.* at PageID.473.) The rationale behind Michigan's rape-shield statute is much stronger than the statute at issue in *Chambers*. Here, both the trial court and the Michigan Court of Appeals held that this evidence was not relevant to show another possible source of the children's age-inappropriate sexual knowledge. (*Id.*) Petitioner is correct, he has a fundamental right

9

to present a defense. But this right is not absolute. This evidence is not relevant, and the limited circumstances of when such evidence should be admitted in contravention of the rape-shield statute are not present here. Therefore, Petitioner is not entitled to relief on these claims.

### B. Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming this presumption. *Id.* Moreover, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). A federal court must determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Under *Strickland*, defense counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. This duty to investigate derives from counsel's basic function: "to make the adversarial testing process work in the particular case." *Id.* at 690. It includes the obligation

to investigate all witnesses who may have information concerning the defendant's guilt or innocence. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). A decision is not objectively reasonable if the attorney has failed to investigate his options and make a reasonable choice between them. *Combs v. Coyle*, 205 F.3d 269, 288 (6th Cir. 2000) (citing *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991)).

Petitioner raised two grounds for ineffectiveness. First, he argued that his attorney failed to investigate and present evidence of his impotence. Second, he argued that his attorney failed to introduce evidence that Petitioner's pubic hair did not match the color of J.R.'s testimony. The Michigan Court of Appeals reviewed both claims, and held that Petitioner had effective assistance of trial counsel. (ECF No. 7-12, PageID.473.) To reach this decision, the court analyzed the evidence under the *Strickland* two-prong test. (*Id.*) The court first looked at Petitioner's claim of impotence, the evidence contradicting this claim, and the trial attorney's research into impotency. (*Id.* at PageID.474.) In light of this evidence, the court held that "counsel's strategic decision not to present evidence of impotence was not professionally unreasonable" under *Strickland*. (*Id.*)

Petitioner argues that counsel's decision to avoid the issue of "selective impotence" was a hypothetically valid strategy, but it was not valid here. Petitioner argues that trial

11

counsel (1) did not investigate whether Petitioner's impotence was medical in nature, rather than social; (2) was unaware of evidence showing that Petitioner believed it was a medical issue; (3) was unaware that Petitioner's claims of impotence preceded the charges by 2 years; and (4) had not investigated any of Petitioner's medical claims. Despite this argument, the inquiry is not whether counsel's choices were strategic, but whether they were objectively reasonable. *Roe*, 528 U.S. at 481.

Trial counsel investigated Petitioner's claim of impotency, and made a reasonable decision not to introduce this evidence in fear that the prosecutor would argue that Petitioner was selectively impotent. The evidence Petitioner relies on to make this argument points to Petitioner's fairly-recent impotence with adult women, and not children. Applying doubly deferential review, there is a reasonable argument that counsel's decision not to introduce evidence of Petitioner's impotence satisfies *Strickland*. Therefore, the Michigan Court of Appeals decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, and its decision was not based on an unreasonable determination of facts in light of the evidence presented.

The Michigan Court of Appeals also looked at the evidence of the color of Petitioner's pubic hair. (ECF No. 7-12, PageID.474.) Before trial, Petitioner removed some of his pubic hair and showed his trial counsel. According to counsel, "defendant's pubic hair did not look black or dark as defendant insisted; it would have passed for 'reddish blond' or light brown," which was "close" to the color J.R. described. (*Id.*) Again, there is a reasonable argument that counsel's decision not to introduce this evidence satisfies *Strickland*. Thus, the Michigan

Court of Appeals decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, and its decision was not based on an unreasonable determination of facts in light of the evidence presented.

Petitioner also objects to the fact that the Magistrate Judge did not making any findings as to the second *Strickland* prong.  Because Petitioner has failed to satisfy the first prong of deficient performance, the Court need not address *Strickland*'s second prong.

A judgment and order will enter in accordance with this Opinion.


Dated: <u>November 2, 2016</u>              <u>/s/ Robert Holmes Bell          </u>
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE